SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264
JEAN N. RIPLEY
Assistant United States Attorney
501 Las Vegas Boulevard South, Ste. 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Jean.Ripley@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>ROSHERRAL LACONIA BEVERLY,<br><br>　　　　　Defendant. | Case No. 2:25-cr-00090-JAD-DJA<br><br>**Order to Disclose Tax Return Information and Protective Order** |

　　　Upon the stipulation by the government and the defendant, through counsel, pursuant to 26 U.S.C. § 6103(h)(4) and Fed. R. Crim. P. 16(d), IT IS HEREBY ORDERED that the stipulation (ECF No. 13) is GRANTED. IT IS FURTHER ORDERED:

　　　1.　"Tax Return Information" includes "returns" as defined in 26 U.S.C. § 6103(b)(1) and "return information" as defined in 26 U.S.C. § 6103(b)(2).

　　　2.　"PII" refers to the following personal identifying information of any individual: the person's first and last name, maiden name, alias, date of birth, social security number, passport number, alien registration number, permanent resident card number, residence or business address, telephone number, email address, driver license number, license plate number, vehicle identification number, professional license number, names of family members, criminal history records, taxpayer identification number, employer

identification number, medical record number, patient identification number, insurance policy number, biometric records, photographs used for identification purposes, Internet Protocol (IP) address, and Media Access Control (MAC) address.

3. "Financial Information" refers to the following information: financial and investment account identifying numbers, credit card or debit card numbers, bank account passwords, usernames, private keys, account recovery information, pins, or other log-in information used to access financial accounts or devices, digital or electronic wallet addresses, cryptocurrency ledger addresses, and transaction hashes.

4. For purposes of this Order, "Protected Information" includes PII, Financial Information, and Tax Return Information as those terms are defined above in Paragraphs 1 through 3.

5. The government is authorized to disclose to defendant Rosherral Laconia Beverly and her defense counsel tax returns and return information, as defined in 26 U.S.C. § 6103(b), pertaining to the defendant and individuals who were employed by the defendant, and any other tax returns or return information provided by the government pursuant to its discovery obligations.

6. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case are subject to this Order and may be used by the defendant, defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") solely in connection with the defense of this case, including any appeal or collateral attack pursuant to 28 U.S.C. § 2255, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

1      7.     The defense team may review all discovery material produced by the
2  government.
3      8.     The defense team shall not disclose any Protected Information or their
4  contents directly or indirectly to any person or entity other than persons who are
5  interviewed as potential witnesses, counsel for potential witnesses, and other persons to
6  whom the Court may authorize disclosure (collectively, "authorized persons"). Potential
7  witnesses and their counsel may be shown copies of the Protected Information as necessary
8  to prepare the defense but may not retain copies without prior permission of the Court.
9      9.     Except as permitted by the Order, no defendant, member of the defense team,
10 or witness shall disclose any discovery material produced by the government which
11 constitutes or contains Protected Information to anyone who is not an authorized person
12 (i.e., any person who is not a member of the defense team and is not an expert or non-expert
13 witness) or make any public disclosure of the same, other than in a court filing, without the
14 government's express written permission or further order of this Court or until such material
15 is used in judicial proceedings at the time of trial or in official hearings or proceedings
16 related to this case. If a party files a pleading that contains or attaches Protected
17 Information, that filing must be made under seal or the Protected Information must be
18 redacted. For purposes of this paragraph, "discovery material" includes any paper copies,
19 electronic copies, images, or photographs of discovery material. This Order does not,
20 however, prohibit a defendant from making a public filing containing the defendant's own
21 taxpayer information.
22     10.     In the event defense counsel believes certain materials or documents should
23 not be designated as Protected Information, they shall first seek agreement from the
24 government after which, barring agreement, they may raise the issue with the Court. At any

hearing or proceeding on this topic, the government will bear the burden of proof that the materials should be considered Protected Information under the terms of this Order. The parties will treat the information as Protected Information pursuant to this Order until such time as the Court rules.

11. At the conclusion of the case, including any appeal or collateral attack pursuant to 28 U.S.C. § 2255, all discovery material containing Protected Information provided to defense counsel must be disposed of in a manner that prevents unauthorized disclosure, unless directed otherwise by an Order of the Court. To the extent defense counsel has ethical obligations under their jurisdictions' rules to preserve a copy of a file for a fixed period of time, such counsel may maintain a copy of the Protected Information in their file consistent with such rule, notwithstanding this paragraph. During that time, counsel must retain discovery material containing Protected Information in a manner reasonably designed to prevent unauthorized disclosure, unless directed otherwise by an Order of the Court.

12. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

IT IS SO ORDERED:  _____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

Dated: __6/5/2025__